IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROGER JAMES THOMAS and TAULEECE R. THOMAS,** | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION No. 4:20-cv-706 |
| v. | § § | |
| **ASSURANT, INC. and AMERICAN SECURITY INSURANCE COMPANY,** | § § § § | |
| *Defendants*. | | |

## NOTICE OF REMOVAL

Defendant American Security Insurance Company ("American Security") files this Notice of Removal against Plaintiffs Roger James Thomas and Tauleece R. Thomas ("Plaintiffs") pursuant to 28 U.S.C. §§ 1441 and 1446, as follows:

### I.  INTRODUCTION

1. This case is removable because there is complete diversity between the parties in this litigation and the matter in controversy exceeds $75,000.00.

### II.  COMMENCEMENT AND SERVICE

2. On January 21, 2020, Plaintiffs commenced this action by filing an Original Petition in the 133rd Judicial District Court of Harris County, Texas, styled Cause No. 2020-03695, *Roger James Thomas and Tauleece R. Thomas v. Assurant, Inc. and American Security Insurance Company*.[1]

---

[1] *See* Ex. B-1, Plaintiffs' Original Petition.

-1-

3. American Security received the service of process through its statutory agent on January 28, 2020.[2]

4. American Security timely filed an answer in state court on February 24, 2020.[3]

5. This Notice of Removal is filed within thirty days of the receipt, through service or otherwise, of Plaintiffs' Original Petition and is timely filed under 28 U.S.C. § 1446(b)(1). This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III.    GROUNDS FOR REMOVAL

6. American Security is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV.    DIVERSITY OF CITIZENSHIP

7. This is an action with complete diversity of citizenship between the Plaintiffs and Defendants.

8. Plaintiffs are citizens of Texas.[4]

9. Defendant American Security is a foreign insurance company.[5]

10. Defendant Assurant, Inc.[6] is a Delaware corporation authorized to transact business in Texas, whose shares are traded on the New York Stock Exchange under the symbol

---

[2] *See* Ex. A, Citation.
[3] *See* Ex. B-2, Defendant's Original Answer. Assurant, Inc. will file a responsive pleading in accordance with Rule 81(c)(2).
[4] *See* Ex. B-1, Plaintiffs' Original Petition, at p. 2; Ex. G-1, Accurint Comprehensive Address Report, at p. 2 (demonstrating that Plaintiffs have been domiciled in Texas since at least July 2005).
[5] *See* Ex. H, Affidavit of Carmen Collazo.
[6] Plaintiffs improperly sued Assurant, Inc. for matters related to an insurance dispute. Assurant is not, and has never been, an insurance company. Assurant has never sold,

AIZ, and whose principal place of business is in New York. Assurant is therefore a citizen of the states of Delaware and New York within the meaning and intent of 28 U.S.C. § 1332.

11. No change of citizenship has occurred for the parties since commencement of the state court action. Accordingly, diversity of citizenship exists among the remaining parties to the litigation.

### V. AMOUNT IN CONTROVERSY

12. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options. The defendant may (1) remove the case immediately, if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or (2) the defendant may wait until the plaintiff expressly pleads that the amount in controversy exceeds that amount or serves some "other paper" indicating that the amount in controversy exceeds that amount. 28 U.S.C. §§ 1446(b)(3), (c)(3)(A); *Bosky v. Kroger Texas LP*, 288 F.3d 208, *passim* (5th Cir. 2002). Here, this case became removable upon the receipt of Plaintiffs' Original Petition wherein Plaintiffs asserted that American Security breached the insurance policy at issue and is liable for economic and treble damages.[7] Plaintiffs previously sent a written demand letter to American Security pertaining to the claim at issue in this suit asserting $88,865.86 in additional economic damages alone.[8] Thus, Plaintiffs' Original Petition, in conjunction with the demand letter, establishes that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

---

underwritten, issued, or marketed insurance policies in Texas or any other state. Additionally, Assurant does not collect, and never has collected, premiums paid for insurance policies.

[7] *See* Ex. B-1, Plaintiffs' Original Petition, at pp. 4, 8.
[8] *See* Ex. I, Demand Letter, at p. 2.

### VI.    VENUE

13. Venue lies in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiffs filed the state court action in this judicial district and division.

### VII.    CONSENT TO REMOVAL

14. Defendant Assurant, Inc. consents to the removal of this action.[9]

### VIII.    NOTICE

15. American Security will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). American Security will also file with the clerk of the state court, and will serve upon Plaintiffs' counsel, a notice of the filing of this Notice of Removal.

### IX.    STATE COURT PLEADINGS

16. Copies of all state court pleadings and orders are attached to this Notice of Removal.

### X.    EXHIBITS TO NOTICE OF REMOVAL

17. The following documents are attached to this Notice as corresponding numbered exhibits:

    A.    All Executed Process in this case;

    B.    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings;

            1.    Plaintiffs' Original Petition;

---

[9] *See* Ex. J, Assurant, Inc. Consent to Removal.

        2.        Defendant American Security Insurance Company's Original Answer;

C.    Docket Sheet;

D.    An index of matters being filed;

E.    A list of all counsel of record, including addresses, telephone numbers, and parties represented;

F.    Civil Cover Sheet;

G.    Affidavit of Brian A. Srubar;

        1.        Accurint Comprehensive Address Report for Roger and Tauleece Thomas;

H.    Affidavit of Carmen Collazo;

I.    Plaintiffs' Demand Letter;

J.    Assurant, Inc.'s Consent to Removal.

## XI.    CONCLUSION

WHEREFORE, Defendant American Security Insurance Company, pursuant to the statutes cited herein, removes this action from the 133rd Judicial District Court of Harris County, Texas to this Court.

Dated: February 27, 2020

                                      Respectfully submitted,

                                      McDowell Hetherington LLP

                                      By: */s/ Bradley J. Aiken*
                                          Bradley J. Aiken
                                          State Bar No. 24059361
                                          S.D. ID No. 975212
                                          Brian A. Srubar
                                          State Bar No. 24098460
                                          S.D. ID No. 3082622

                        1001 Fannin Street, Suite 2700
                        Houston, Texas 77002
                        Telephone:  713-337-5580
                        Facsimile:  713-337-8850
                        brad.aiken@mhllp.com
                        brian.srubar@mhllp.com

                        *ATTORNEYS FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served on February 27, 2020, on the following counsel of record by Certified Mail:

***CMRRR No. 70160910000027735891***
Sarnie A. Randle, Jr.
**S.A. RANDLE & ASSOCIATES, P.C.**
Chase Bank Building
5177 Richmond Avenue, Suite 635
Houston, Texas 77056
Telephone: (713) 626-8600
Facsimile: (713) 626-8601
SAR@RandleLaw.com

*Attorneys for Plaintiffs*

                        */s/ Brian A. Srubar*
                         Brian A. Srubar