# EXHIBIT B

# EXHIBIT B-1

1/21/2020 2:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40133188
By: C Ougrah
Filed: 1/21/2020 2:14 PM

**2020-03695 / Court: 133**

| CAUSE NO. _____ | | |
|---|---|---|
| **ROGER JAMES THOMAS AND** § | | |
| **TAULEECE R. THOMAS** § | | **IN THE DISTRICT COURT OF** |
| § | | |
| *Plaintiffs* § | | |
| **v.** § | | |
| § | | **HARRIS COUNTY, TEXAS** |
| § | | |
| § | | |
| **ASSURANT, INC. AND AMERICAN** § | | |
| **SECURITY INSURANCE COMPANY,** § | | **_____ JUDICIAL DISTRICT** |
| *Defendants* | | |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **ROGER JAMES THOMAS AND TAULEECE R. THOMAS**, hereafter called Plaintiffs, and in this their Original Petition complaining of **ASSURANT, INC. AND AMERICAN SECURITY INSURANCE COMPANY**, would show the following:

**I.**
**DISCOVERY**

Discovery in this case shall be governed by Rule 190.3, Texas Rules of Civil Procedure (Level 2).

**II.**
**JURISDICTION & VENUE**

This Court has jurisdiction and venue over this case and the parties because all the acts and omissions giving rise to Plaintiff's claim occurred in Harris County, Texas, and the amount in controversy is within the jurisdictional limits of the Court.

**III.**
**PARTIES**

Plaintiffs, **ROGER JAMES THOMAS AND TAULEECE R. THOMAS**, are residents of Harris County, Texas and resides at 27410 Caperidge Dr., Huffman, Texas 77336. The last three digits of Roger James Thomas' social security number are 467 and the last three digits of his driver's license are 729. The last three digits of Tauleece R. Thomas' social security number are 082 and the last three digits of her driver's license are 866.

Defendant, **ASSURANT, INC.**, is a corporation authorized to do and doing business in Harris County, Texas which **may be served with process by serving its registered agent for service, to wit, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.**

Defendant, **AMERICAN SECURITY INSURANCE COMPANY**, is a corporation authorized to do and doing business in Harris County, Texas which **may be served with process by serving its registered agent for service, to wit, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.**

## IV.
## CONDITIONS PRECEDENT

Plaintiffs contend, pursuant to Rule 54 of the Texas Rules of Civil Procedure, that all conditions precedent to the filing and prosecution of this claim have been satisfied.

## V.
## FACTS & CAUSE OF ACTION

In 2011, Plaintiffs purchased and/or acquired homeowners and residential flood insurance from Defendants and Defendants approved and issued said coverage

to Plaintiffs under Policy No. FLR094639904, issued by Defendant, Assurant Insurance Company and Policy No. FLR2102946399, issued by Defendant, American Security Insurance Company, covering Plaintiffs' home at 27410 Caperidge Dr., Huffman, Harris County, Texas.

On or about August 27, 2017, during Hurricane Harvey, Plaintiffs' home was flooded and inundated with in excess of ten feet of water. The damage to Plaintiffs' home, attributable to the hurricane and flood, resulted in covered damage that exceeded the $237,500.00 coverage limit available in the policy or policies issued by Defendants.

Following the hurricane, Plaintiffs, on or about August 29, 2017, filed their claim as required by the policy.

The insurance coverage provided by Defendants afforded Plaintiffs the right to expect and imposed on Defendants the obligation to:

- Insure Plaintiffs against all direct physical loss or damage to Plaintiffs' covered property by and from the hurricane and flood;

- Pay for all reasonable flood damage expenses incurred by Plaintiffs for the removal of all debris on or in the covered property, and elsewhere provided such debris is owned by Plaintiffs and reimburse Plaintiffs for the cost and/or reasonable value of their labor in removing and discarding or disposing of such debris;

- Reimburse Plaintiffs up to $1,000.00 for the cost incurred by Plaintiffs in an attempt to protect their insured property from the covered event;

- Pay or reimburse Plaintiffs reasonable cost for temporary housing/living expense including renting or paying for temporary housing comparable to the damaged insured property; and

- Pay Plaintiffs the replacement cost of their property if the property is damaged to the extent that it is not economically feasible to repair to its pre-damage condition.

The Texas Insurance Code, Texas Common Law, and the Texas Deceptive Trade Practices Act accorded Plaintiffs the right to expect and imposed on Defendants' the duty to:

- Exercise reasonable diligence to honestly and ethically investigate and appraise Plaintiffs' damage in good faith; and

- Comply with any and all applicable state and federal statutes, regulations, policies, and procedures which provide guidelines for the prompt and fair investigation, evaluation, and payment of such insurance claims.

## VI.

Plaintiffs contend that Defendants, acting through their employees, apparent ostensible and authorized agents, principals, and vice principals have been responsible for conduct that violates the above listed duties and obligations and deprived Plaintiffs of rights accorded by the policy and applicable law.

### (A) **BREACH OF CONTRACT**

Plaintiffs specifically contend that both Defendants are responsible for conduct that breached each above mentioned provisions of the policy. As a direct and proximate result of said breach, Plaintiffs suffered the damage described below.

### (B) **VIOLATIONS OF SECTION 17.46(b) OF THE TEXAS BUSINESS AND COMMERECE CODE COMMONLY CALLED THE DECEPTIVE TRADE PRACTICE ACT**

Plaintiffs further contend that Defendants are liable to Plaintiffs for the following knowing and intentional violations of Deceptive Trade Practices Act:

1. Making a false, misleading, or deceptive act or practice that was relied on by Plaintiffs to their detriment;

2. Using and employing acts or practices which violate Chapter 541 and 542 of the Texas Insurance Code;

3. Representing that the insurance coverage sold or provided to Plaintiffs and/or for Plaintiffs' benefit, had a sponsorship, approval, characteristics, ingredients, uses, or benefits that it did not have or provide, or that an agent, representative, or other person purportedly acting on behalf of Defendants or for the benefit of Plaintiffs, had a sponsorship, approval, status, affiliation, expertise, training, skill, knowledge, certification, or qualifications that such person or persons did not have;

4. Representing that the policy Defendants provided to Plaintiffs and/or for Plaintiffs' benefit, was of a particular standard, type, or grade which contained coverage, rights, and benefits, which it did not provide or contain;

5. Making false or misleading statements of fact regarding the policy provided by Defendants to Plaintiffs and Defendants' policy, practice, duty, and responsibility regarding the investigation and handling of each claim;

6. Advertising or representing goods, services, policies, and policy coverage with the intent not to sell or provide what was advertised or represented;

7. Representing that the policy or policies conferred or involved rights, remedies, or obligations that they did not provide or that are prohibited by law; and

8. Failing to disclose information about the policy or policies that was known by Defendants at the time the policy was sought or provided where such failure to disclose was intended to induce Plaintiffs to enter into an agreement or transaction that Plaintiffs would not have entered if the information had been disclosed.

Plaintiffs contend that the above alleged DTPA violations were direct proximate, proximate, and producing causes of Plaintiffs' damage.

### (C) TEXAS INSURANCE CODE VIOLATIONS

Plaintiffs further contend that the conduct of both Defendants, acting through their employees, apparent ostensible and authorized agents, principals, and vice

principals committed the following violations of Chapter 541 and 542 of the Texas Insurance Code:

1. Misrepresenting a material fact or policy provision relating to a coverage issue;

2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

   a. a claim with respect to which the Defendants' liability has become reasonably clear, or

   b. a claim under one portion of the policy with respect to which the Defendants' liability has become reasonably clear to influence Plaintiffs to settle another claim under another portion of the coverage unless payment under one portion of the policy would constitute evidence of liability under the other;

3. Failing to provide Plaintiffs with a reasonable and/or truthful explanation of the basis in the policy, in relation to the facts or applicable law, for the Defendants' denial of Plaintiffs' claim in whole or part, or Defendants' denial of an offer of compromise or settlement;

4. Failing within a reasonable time to:

   a. affirm or deny coverage of a claim to Plaintiffs', or

   b. submit a reservation of rights letter to Plaintiffs

5. Attempting to enforce a full and final release of a claim when only a partial payment has been made, unless the payment, if any, results from an agreed compromise settlement of a disputed claim;

6. Failing or refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

### (D) **VIOLATIONS OF SECTION 452 OF THE TEXAS INSURANCE CODE**

1. Failing or refusing to, within 15 days of receiving notice of Plaintiffs' claim, to commence an investigation of Plaintiffs' claim;

2. Failing to request from Plaintiffs and when offered by Plaintiffs, failing to accept from Plaintiffs all items, photographs, statements, and forms that the

Defendants reasonably believed, at the time, will be required from Plaintiffs to investigate and evaluate Plaintiffs' claim;

3. Failing to notify Plaintiffs' in writing of the acceptance or rejection of Plaintiffs' claim not later than the 15th business day after the date the Defendants received all items, statements, and forms required to secure final proof of loss;

4. Failing and refusing to pay Plaintiffs' claim within 60 days of receiving all items, statements, and forms reasonably requested and required under Section 542.005; and

5. Failing to pay Plaintiffs' claim, in full, as provided by Section 542.060 of the Texas Insurance Code.

As a result of the above listed violations, Defendants should be ordered to pay the statutory 18% interest penalty.

**(E)** **NEGLIGENCE, NEGLIGENCE PER SE, AND BREACH OF DEFENDANTS' DUTY OF GOOD FAITH AND FAIR DEALING**

Plaintiffs also contend that in the handling of Plaintiffs' claim, Defendants, acting through their employees, ostensible, apparent, and authorized agents, principals, and vice principals committed the following acts amounting to negligence, gross negligence, negligence per se, and violations of Defendants' common law and statutory duty of good faith and fair dealing:

1. Failing to investigate, evaluate, approve, and pay Plaintiffs' claim in a manner consistent with what a reasonably prudent insurance carrier would have done in the same or similar circumstances;

2. Investigating and evaluating Plaintiffs' claim with the intent and purpose of unfairly denying Plaintiffs' claim in whole or part; and

3. Failing or refusing to comply with applicable federal and state guidelines and regulations including, but not limited to, the Federal Emergency Management Agency National Flood Insurance Program's building valuation loss assessment procedure.

## VII.
## DAMAGES

As a direct, proximate, and/or producing result of Defendants' above mentioned conduct, Plaintiffs' have suffered the following damage:

1. Unrepaired and/or unrepairable damage to Plaintiffs' home and other covered property equal to or in excess of the Defendants' aggregate policy limits;

2. Foreseeable, incidental, and consequential damages as a result of Defendants' above mentioned conduct;

3. Reasonable and necessary attorney fees pursuant to Chapter 38 of the Civil Practice and Remedies Code, Section 541 and 542 of the Texas Insurance Code, and Section 17.50 DTPA; and

4. Mental anguish, past and future.

## VIII.
## KNOWING AND INTENTIONAL CONDUCT

As a result of Defendants knowing and intentional conduct, Plaintiffs contend that they are entitled to additional DTPA damages in an amount up to three times Plaintiffs' actual damages.

## IX.
## REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within (50) days of service of this request, the information or material described in Texas Rules of Civil Procedure 194.2(a-l).

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer; and following trial on the merits, that judgment be

rendered in favor of Plaintiffs and against Defendants jointly and severally for the following:

a) All actual damages supported by the evidence;

b) Exemplary damage or in the alternative, additional DTPA damages;

c) Pre-judgment interest and post-judgment interest;

d) Reasonable and necessary attorney fees; and

e) The taxable cost of this action.

> RESPECTFULLY SUBMITTED,
>
> **S. A. RANDLE & ASSOCIATES, P.C.**
>
> <u>*/s/ Sarnie A. Randle, Jr.*</u>
> **SARNIE A. RANDLE, JR.**
> State Bar No. 16525500
> Chase Bank Building
> 5177 Richmond Avenue, Suite 635
> Houston, Texas 77056
> SAR@RandleLaw.com
> (713) 626-8600
> (713) 626-8601 [fax]
> ATTORNEY FOR PLAINTIFFS,
> ROGER THOMAS AND TAULEECE R. THOMAS

# EXHIBIT B-2

Case 4:20-cv-00706   Document 1-3   Filed on 02/27/20 in TXSD   Page 13 of 20

2/24/2020 11:34 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41083461
By: SHANNON NORTH-GONZALEZ
Filed: 2/24/2020 11:34 AM

CAUSE NO. 2020-03695

| | | |
|---|---|---|
| ROGER JAMES THOMAS and TAULEECE R. THOMAS, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ASSURANT, INC. and AMERICAN SECURITY INSURANCE COMPANY, | § § § § | |
| | § | 133rd JUDICIAL DISTRICT |
| *Defendants*. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant American Security Insurance Company files this Original Answer and Requests for Disclosure against Plaintiffs Roger James Thomas and Tauleece R. Thomas as follows:

### I.   GENERAL DENIAL

1.   Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiffs and demands strict proof thereof by a preponderance of the evidence.

### II.   AFFIRMATIVE DEFENSES

2.   Plaintiffs' claims are barred, in whole or in part, because paragraph C of the "Exclusions" section of the policy excludes losses caused by earth movement, even if the earth movement is caused by flood.

3.   Plaintiffs' claims are barred, in whole or in part, because paragraph D.4.b of the "Exclusions" section of the policy excludes losses caused by water, moisture, mildew, or mold damage that results primarily from any condition that is within Plaintiffs' control, including, but not limited to: (1) design, structural, or mechanical defects; (2) failure, stoppage, or breakage of

water or sewer lines, drains, pumps, fixtures, or equipment; or (3) failure to inspect and maintain the property after a flood recedes.

4. Plaintiffs' claims are barred, in whole or in part, because paragraph D.5 of the "Exclusions" section of the policy excludes losses caused by water or waterborne material that (a) backs up through sewers or drains; (b) discharges or overflows from a sump, sump pump, or related equipment; or (c) seeps or leaks on or through the described location.

5. Plaintiffs' claims are barred, in whole or in part, because paragraph D.3 of the "Exclusions" section of the policy excludes losses caused by rain, snow, sleet, hail, or water spray.

6. Plaintiffs' claims are barred, in whole or in part, because paragraph D.8 of the "Exclusions" section of the policy excludes losses caused by theft, fire, explosion, wind, or windstorm.

7. Plaintiffs' claims are barred, in whole or in part, because paragraph D.9 of the "Exclusions" section of the policy excludes losses caused by any of the following: (a) wear and tear, marring, deterioration; (b) smog, rust or other corrosion, we or dry rot; and (c) discharge, dispersal, seepage, migration, release or escape of pollutants.

8. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert the claims presented in the Original Petition.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

10. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim or cause of action for punitive damages.

11. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

12. Plaintiffs' claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

13. Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

15. Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

16. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages.

17. Plaintiffs' claims are barred, in whole or in part, because any damages suffered by Plaintiffs were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs have failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

19. Plaintiffs' claims are barred, in whole or in part, by the specific terms of the Policy contract.

20. Plaintiffs' claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiffs was not reasonably clear. A bona fide controversy existed and continues to exist concerning Plaintiffs' entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear. Accordingly,

Defendant had a reasonable basis for denying Plaintiffs' claim.

21. Defendant avers that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

22. Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

23. Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiffs are not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

24. Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

25. Any award of punitive damages in this case would violate the procedural and/or

substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

26. Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

27. It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

28. Defendant avers that any award of punitive damages to Plaintiffs in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

29. It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

    a. Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

    b. Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

  c. The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

  d. That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

30. Plaintiffs have sustained no injury from the alleged conduct of Defendant.

31. Plaintiffs' claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

32. Plaintiffs' claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiffs may have failed to act in good faith.

33. There has been no reasonable showing by evidence in the record or proffered by Plaintiffs which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

34. Plaintiffs are not entitled to the recovery of attorney's fees and have failed to provide the statutory notices required to show entitlement to the same.

35. Plaintiffs' claims for attorney's fees are barred in whole or in part because Plaintiffs made an unreasonably excessive demand upon Defendant.

36. Plaintiffs' claims for attorney's fees are barred in whole or in part because

Plaintiffs made an excessive demand upon Defendant in bad faith.

37. Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

38. Defendant expressly reserves and preserves any and all rights and defenses it may have under the Texas Insurance Code, including Chapter 542A.

### III.  REQUESTS FOR DISCLOSURE

39. Pursuant to Rule 194, Plaintiffs are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)–(i).

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: */s/ Bradley J. Aiken*
  Bradley J. Aiken
  State Bar No. 24059361
  Brian A. Srubar
  State Bar No. 24098460
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

*ATTORNEYS FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on February 24, 2020, on the following counsel of record by eServe:

Sarnie A. Randle, Jr.
**S.A. RANDLE & ASSOCIATES, P.C.**
Chase Bank Building
5177 Richmond Avenue, Suite 635
Houston, Texas 77056
Telephone: (713) 626-8600
Facsimile: (713) 626-8601
SAR@RandleLaw.com

*Attorney for Plaintiffs*

                                            */s/ Brian A. Srubar*
                                              Brian A. Srubar